# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:05CR00076 |
| v. | ) | **OPINION** |
| **DERON FITZGERALD JONES,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Deron Fitzgerald Jones, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The defendant asserts ineffective assistance of counsel in advising him not to appeal his sentence based on the court's failure to grant reductions for post-trial acceptance of responsibility and post-offense rehabilitation efforts. Upon review of the record, I find no merit to the defendant's claims.

I

In December 2006, jurors found Deron Fitzgerald Jones guilty of four drug trafficking offenses involving crack cocaine. Based on his prior convictions, I

sentenced Jones on May 4, 2007, to two concurrent terms of life imprisonment and two concurrent terms of ten years in prison.

Jones appealed, alleging errors related to his sentencing and the use of his prior convictions for enhancement purposes. The United States Court of Appeals for the Fourth Circuit affirmed the judgment on March 19, 2008. *United States v. Jones*, 270 F. App'x 268 (4th Cir.) (unpublished), *cert. denied*, 555 U.S. 867 (2008).

Jones filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in October 2009. In that proceeding, the government concurred with the court that Jones was entitled to be resentenced under the decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The government also agreed that Jones should be sentenced under the Fair Sentencing Act. At the resentencing hearing on December 20, 2011, I imposed four concurrent terms of 156 months imprisonment. Jones did not appeal.

Jones thereafter filed this second § 2255 motion, alleging only one ground for relief: that counsel was ineffective in advising that Jones should not appeal the new sentence. The government has moved to dismiss, and Jones has responded, making the matter ripe for disposition.

II

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland, v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 688. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome of the proceeding at issue would have been different. *Id.* at 694-95. If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697. In a § 2255 motion, the defendant bears the burden of proving his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Jones asserts that at the resentencing hearing, the court was obligated to consider him eligible to receive a decrease in offense level under the Sentencing Guidelines for acceptance of responsibility, yet failed to grant Jones' request for a reduction on this ground. Jones complains that counsel "coerced" him into foregoing an appeal by advising him that an appeal could result in a higher sentence and by failing to advise him that he needed to appeal the acceptance of

responsibility issue in order to preserve it for collateral review under § 2255. I find no merit to Jones' claims under *Strickland*.

Section 3E1.1(a) of the U.S. Sentencing Guideline Manual ("USSG") states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Application Note 1 lists several factors to consider in determining whether the defendant qualifies for the reduction, including truthful admission of the charged conduct, "post-offense rehabilitative efforts (e.g., counseling or drug treatment)," and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." USSG § 3E1.1(a) application note 1(A), (G), & (H). The application notes further state:

> [t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

USSG § 3E1.1(a) application note 2.

The Presentence Investigation Report ("PSR") for the resentencing indicated, among other things, that Jones had not met the standard for a reduction for acceptance of responsibility under USSG § 3E1.1. Counsel filed objections to the PSR. Counsel also filed a Motion to Reduce Sentence, asking the court for a reduction based on Jones' written acceptance of responsibility, in which Jones stated that he had chosen to go to trial because the proffered plea bargain for a 40-year sentence was essentially a life sentence, that he did not testify at trial to deny the conduct for which he was convicted, and that he had learned from his incarceration and fully accepted responsibility for the actions that resulted in his conviction. Counsel argued that Jones went to trial to preserve a chance to challenge the government's assertion that he should be subject to a mandatory life sentence without parole based on prior convictions.

The government contended that Jones should not receive acceptance of responsibility points. The prosecutor pointed out that Jones had not argued for acceptance of responsibility points at the original sentencing hearing or attempted to enter a conditional guilty plea so as to preserve his right to appeal the sentence enhancement.

I found that Jones had not sufficiently accepted responsibility for his "conduct as described in the pre-sentence report and at trial" to warrant the reduction he sought. (Resent. Tr. 9-10, Dec. 20, 2011.) I rejected defense

counsel's argument that Jones had proceeded at trial as a necessary means to preserve any particular legal issue for appeal. I recognized that Jones

> was in a difficult position, and likely made a reasonable choice to go to trial with the hope that on legal or factual grounds he could escape conviction in light of the fact that he was facing such a maximum penalty of life in prison, and there likely was no other reasonable course for him in terms of his efforts to escape life in prison. But that still does not translate into an acceptance of responsibility.

(Resent. Tr. 10.) For these reasons, I denied Jones' objection and did not grant him any reduction based on acceptance of responsibility.

Jones' guideline range was 140 to 175 months. Counsel moved for a downward departure for Jones, based on his substantial rehabilitation efforts during his incarceration, and argued that the appropriate sentence would be time served or the low end of the guidelines custody range. The United States moved for an upward departure, in accordance with USSG § 4A1.3, arguing that Jones' criminal history category substantially under-represented the seriousness of his criminal history and the likelihood that he would commit other crimes.

In pronouncing sentence, I found that while Jones' long-continuing career in drug trafficking was serious and concerning, these factors were counterbalanced by his rehabilitation efforts and model behavior while incarcerated. For these reasons, I found that a sentence within the guideline range was appropriate, denied the parties' motions for departure, and imposed a mid-range sentence of 156 months in prison.

After sentencing, counsel recommended that Jones not appeal the sentence. Counsel states that he did so because the government could have cross-appealed the reduction of Jones' sentence under the Fair Sentencing Act, with a likelihood of success. At that time, some courts had held that the FSA did not apply to defendants who committed their crimes before the FSA's enactment. *See, e.g., United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011); *United States v. Acoff*, 634 F.3d 200 (2nd Cir. 2011); *United States v. Tickles*, 661 F.3d 212 (5th Cir. 2011). Given the potential that Jones' appeal of his sentence might result in his losing the sentence reduction I granted him under the FSA, I cannot find that counsel's advice to forego an appeal was deficient under *Strickland*.[1]

Moreover, I also find that counsel reasonably could have believed Jones had no viable claim to a sentence reduction for acceptance of responsibility. Jones' case does not fall squarely in this "rare" category of situations described in Application Note 2 to § 3E1.1. Jones did not go to trial merely to preserve constitutional issues or issues of law. His theory of the case at trial was that the government's witnesses made him a scapegoat and that their testimony was not credible or sufficient to prove his involvement in large scale drug trafficking. In opening statements, Jones' counsel asserted that "a scapegoat is somebody that upon whom blame is cast for the actions of somebody else. . . . And I suggest to

---

[1] Counsel's concerns on this point have since been assuaged by the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012).

you that that's what the evidence will show that this case is about. . . ." (Trial Tr. 5-6, Dec. 5, 2006.)

On this record, I cannot find that counsel offered deficient advice when he failed to recommend an appeal of my decision to deny Jones a reduction for acceptance of responsibility. For the same reasons, I find no reasonable probability that an appeal on this issue would have succeeded in changing the outcome in Jones' case. As such, Jones' claim fails under both prongs of the *Strickland* analysis.

### III

For the stated reasons, I find that Jones' claims of ineffective assistance are without merit. Therefore, I will grant the government's Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: September 20, 2013

/s/ James P. Jones
United States District Judge